GAIL E. STOCK
JAMESON & DUNAGAN, P.C.
3890 W. Northwest Highway, Suite 600
Dallas, Texas  75220
(214) 369-6422 - phone
(214) 369-9175 - fax

Attorney for Creditor
BROWNING'S RELIABLE CARS & TRUCKS

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 13-70182-hdh13 |
| JOHN T. THOMAS | § | |
| RHONDA GAYLE THOMAS | § | |
|     Debtors | § | Chapter 13 |
| | § | |
| BROWNING'S RELIABLE | § | |
| CARS & TRUCKS | § | |
|     Creditor | § | |
| vs. | § | |
| | § | |
| JOHN T. THOMAS | § | Hearing on Motion to Lift Stay: |
| RHONDA GAYLE THOMAS | § | |
|     Debtors | § | <u>September 18, 2013 @ 10:00 a.m.</u> |

**BROWNING'S RELIABLE CARS & TRUCKS'S MOTION
<u>TO LIFT AUTOMATIC STAY</u>**

    **RESPONSE REQUIRED.  THE TRUSTEE (IF ONE HAS BEEN APPOINTED) OR THE DEBTOR SHALL FILE A RESPONSE TO ANY MOTION FOR RELIEF FROM AUTOMATIC STAY WITHIN <u>FOURTEEN</u> (14) DAYS FROM THE SERVICE OF THE MOTION.  THE DEBTOR'S RESPONSE <u>SHALL</u> INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO  HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.  IF THE DEBTOR DOES NOT FILE A RESPONSE AS REQUIRED, THE ALLEGATIONS IN THE CREDITOR'S MOTION FOR RELIEF FROM AUTOMATIC STAY SHALL BE DEEMED ADMITTED, UNLESS GOOD CAUSE IS SHOWN WHY THESE ALLEGATIONS SHOULD NOT BE DEEMED ADMITTED,**

**AND AN ORDER GRANTING RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**PURSUANT TO N.D. TX L.B.R. 4001.1(e), ALL EVIDENCE PRESENTED AT PRELIMINARY HEARINGS ON MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY WILL BE BY AFFIDAVIT ONLY, AND THE RESPONDING PARTY MUST SERVE EVIDENTIARY AFFIDAVITS AT LEAST 48 HOURS IN ADVANCE OF THE HEARING.**

TO THE HONORABLE JUDGE OF THE BANKRUPTCY COURT:

**BROWNING'S RELIABLE CARS & TRUCKS,** (hereinafter "Creditor"), a secured creditor in the above captioned and numbered cause, complaining of **JOHN T. THOMAS and RHONDA GAYLE THOMAS,** (hereinafter "Debtor(s)"), files this its Motion to Lift Automatic Stay to permit it to take possession of and to foreclose its security interest in certain personal property described hereinbelow; in the alternative, requests that the Debtor'(s) use of the property be prohibited or conditioned as is necessary to provide Creditor with adequate protection for the value of its interest in said property, and in support thereof would show the Court as follows:

1. A voluntary petition was filed under Chapter 13 of the Bankruptcy Code by Debtor(s) on May 21, 2013, staying actions as specified by § 362 of the Code. The Court has jurisdiction over this matter by virtue of the jurisdiction conferred upon it under 28 U.S.C. § 157 which characterizes this matter as a "core proceeding" arising in a case under Title 11, United States Code.

2. A Motor Vehicle Retail Installment Contract, attached as Exhibit "A" and the Texas Certificate of Title, attached as Exhibit "B", create and perfect a valid security interest in favor of Creditor in the property described as a:

**2006 NISSAN MURANO, VIN #JN8AZ08T46W05104.**

Movant is a holder of a secured claim in this case. The debtor(s) is indebted to movant for

$7,769.64.  Movant is the holder of a valid and perfected lien in the property, whether by way of a direct pledge, or enforceable future advances and cross collateralization clauses contained in the documents.

3.   Debtor(s) has defaulted by failing to pay for the vehicle as contracted, Exhibit "A" attached hereto.  Debtor(s) is also delinquent for the July, 2013 and August, 2013 payments to the Trustee pursuant to the plan and is delinquent $820.00.

4.   Debtor(s) has defaulted pursuant to the terms and provisions of the contract, Exhibit "A" attached hereto, by failing to maintain full coverage insurance on the vehicle as specified in the contract with the correct deductibles and naming Movant as loss payee and providing the Creditor with proof of same at all times.  Movant requests relief from the automatic stay upon the grounds that its interest in the collateral is not adequately protected.

5.   Debtor(s) continues to use the motor vehicle despite his/her/their default.  Creditor does not have and has not been offered sufficient form of adequate protection for the value of Creditor's interest in the motor vehicle, which continues to depreciate by reason of time and usage.  Movant would show that during the pendency of this case the Debtor(s) have not provided sufficient adequate protection for the depreciation in value.  Creditor's interest in said vehicle will continue to suffer irreparable injury, loss and damage unless it is permitted to foreclose it's security interest.  Movant requests that the stay lift for cause based on the Debtor(s) failure to provide sufficient adequate protection for the depreciation in value.

6.   Alternatively, if the Motion to Lift Automatic Stay is not granted, Creditor requests and moves that the Debtor(s) be ordered, pursuant to §361 of the Code, to provide Creditor with adequate protection for the value of its interest in the property and requests the scheduled amount

of $7,769.64 be paid over a total term of 48 months with equal post confirmation payments of $182.47 a month. Movant requests it recover attorney's fees expended herein together with costs of court pursuant to 11 U.S.C. § 506.

7.  Movant requests the Court waive the fourteen (14) day requirement pursuant to Bankruptcy Rule 4001(a)(3).

**WHEREFORE**, Creditor prays that upon hearing that it have:

1. Order modifying stay permitting Creditor to take possession of that property not in possession at the time that an Order is entered and to foreclose upon its security interest in the property described above;

2. That the 14 day requirement under Bankruptcy Rule 4001(a)(3) be waived;

3. That Movant recover its attorney's fees and costs expended in this behalf;

4. Alternatively, Order modifying stay affording Creditor adequate protection for the value of its interest in the property; and that Debtor'(s) use be prohibited or conditioned as necessary to provide Creditor adequate protection for that value of its interest in the property including a provision for full coverage insurance, maintenance of payments under the loan(s) and/or chapter 13 plan and for such other and further relief to which Movant may be found justly entitled.

DATED this 3 day of September, 2013.

                                          Respectfully submitted,

                                        JAMESON AND DUNAGAN, P.C.

By:        /s/ GAIL E. STOCK
       GAIL E. STOCK
       Bar Card No. 05102400
       gestock@jamesondunagan.com
       DOUGLAS E. LATTANZIO
       Bar Card No. 11984650
       delattanzio@jamesondunagan.com
       3890 W. Northwest Highway, Suite 600
       Dallas, Texas 75220
       (214) 369-6422 - phone
       (214) 369-9175 - fax
       Attorney(s) for Movant

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies they have:

\_\_\_\_ attempted to confer with Debtor'(s) counsel, MONTE J. WHITE, regarding this matter and no response was received

\_\_X\_\_ conferred with Debtor'(s) counsel, MONTE J. WHITE's office, regarding this matter and no agreement could be reached.

                                        /s/ GAIL E. STOCK
                                        GAIL E. STOCK

1101-013 GES

## CERTIFICATE OF SERVICE

      The undersigned certifies that a true and correct copy of the foregoing has been forwarded by depositing same with the United States Postal Service via first class mail, address correction requested, postage prepaid, or via electronic mail on this 3 day of September, 2013, as follows:

Monte J. White
Monte J. White & Associates, PC
1106 Brook Avenue, Hamilton Place
Wichita Falls, Texas  76301

John T. Thomas
Rhonda G. Thomas
3033 Moffett
Wichita Falls, Texas  76308

6308 Iola Avenue
Lubbock, Texas  79424

William T. Neary
U.S. Trustee
1100 Commerce Street, Room 9C60
Dallas, Texas 75242


      /s/  GAIL E. STOCK
      GAIL E. STOCK